NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0372n.06

Nos. 14-3716/4018

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 24, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| IRINA SOBIERAJSKA, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| JEFFERSON B. SESSIONS, III, Attorney | ) APPEALS |
| General, | ) |
| | ) |
| Respondent. | ) |
| | ) |

BEFORE: GUY, BATCHELDER, and BUSH, Circuit Judges.

PER CURIAM. Irina Sobierajska petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her applications for asylum and withholding of removal. We deny Sobierajska's petitions for review.

Sobierajska was born in 1963 in Tajikistan, then part of the Soviet Union. In 1993, during the civil war in Tajikistan, Sobierajska and her parents fled to Belarus. Sobierajska moved to Poland and married a Polish citizen in 1995. After the birth of her daughter, Sobierajska applied for Polish citizenship, which she was granted in 2001. In 2004, Sobierajska and her family entered the United States on tourist visas, which they overstayed. Four months after their entry, Sobierajska gave birth to her son. Sobierajska and her husband divorced the next year, in 2005.

In 2006, Sobierajska filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Sobierajska then withdrew the application, asserting that the preparer defrauded her and submitted a false application. The

Department of Homeland Security subsequently served Sobierajska with a notice to appear in removal proceedings and charged her with removability as an alien who has remained in the United States longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B). Appearing before an immigration judge (IJ), Sobierajska admitted the factual allegations in the notice to appear and conceded removability as charged. Sobierajska filed another application for asylum, withholding of removal, and CAT protection, seeking relief based on her Russian ethnicity and Russian Orthodox religion. Sobierajska asserted that she cannot return to Tajikistan because the Muslim country has forced most Russian-speaking minorities to flee, that she has no citizenship in Belarus, and that she faces job discrimination and social harm in Poland, where anti-Russian sentiment runs high.

At the merits hearing, Sobierajska testified that she was born in Tajikistan when it was part of the Soviet Union. Sobierajska's father was Russian, her mother was Ukrainian, and they were members of the Russian Orthodox Church. Sobierajska graduated from a technical school in Tajikistan in 1980 and worked as an engineer. According to Sobierajska, the situation in Tajikistan became difficult for ethnic Russians beginning in 1986, when a curfew was imposed and the military presence was increased. Sobierajska testified that ethnic Russians were told to leave Tajikistan. After Tajikistan's independence in 1991, the civil war started, resulting in ethnic violence and "riots, destabilization and chaos." Sobierajska and her parents decided to flee to Belarus in 1993. The IJ questioned Sobierajska about a document indicating that she was allowed to reside permanently in Belarus.

While living in Belarus, Sobierajska began to correspond with her future husband, who lived in Poland. In 1995, Sobierajska went to Poland, and they were married. Shortly after their wedding, a police officer knocked on their door in response to a report that the Russian language was spoken in the apartment. Sobierajska testified that the police officer apologized to her after

they presented their documents. A few months later, two persons attempted to enter their residence at 5:00 a.m., claiming to be selling cell phones. When Sobierajska's husband threatened to call the police, the intruders left. Sobierajska also testified that her husband and a neighbor once thwarted a robbery of her husband's currency exchange shop.

According to Sobierajska, people in Poland recognized her as Russian when she spoke because of her accent, and "they were not happy about it." Sobierajska admitted that there was no open animosity against her, "but there was no friendliness." Sobierajska's close friends urged her to speak quietly and hide her Russian accent, which was "very humiliating" and "very unpleasant." Sobierajska claimed that she could not find a job in Poland because, once she started to speak during an interview, she was recognized as Russian. Sobierajska conceded that another problem was her inability to write in Polish. Sobierajska worked for her husband's bus company, which he later lost because of the economic downturn. Sobierajska asserted that she received reduced assistance after her daughter's birth because she did not "have enough points on [her] social security" as a consequence of her inability to find a job in Poland. Sobierajska also claimed that the Polish government delayed her citizenship application because of her Russian ethnicity.

Sobierajska testified that she and her family decided to come to the United States in 2004 because her husband's brother lives here. Sobierajska now considers the United States as her home country. Sobierajska asserted that she cannot return to Tajikistan because she does not know the language and does not have any family or any place to stay there. With respect to Belarus, Sobierajska claimed that she fears the current regime and asserted that her residency status is no longer valid. Sobierajska testified that she has no family and no place to go in Poland and that she cannot provide for her children there. Sobierajska generally claimed that she fears persecution on ethnic and religious grounds in Poland.

After the hearing, the IJ denied Sobierajska's applications for asylum, withholding of removal, and CAT protection and ordered her removal to Poland, but granted her request for voluntary departure. The IJ first found that Sobierajska was credible. After determining that Sobierajska's asylum application was untimely and that she had failed to establish extraordinary or changed circumstances to excuse her untimely filing, the IJ went on to consider, in the alternative, the merits of her asylum claim. The IJ found that Sobierajska had failed to show any harm in Tajikistan rising to the level of persecution and that, even if she had, she was firmly resettled in Belarus, where she experienced no harm. With respect to Poland, the IJ determined that Sobierajska's alleged mistreatment did not rise to the level of persecution and that she had failed to establish any nexus between some of the alleged harm and a protected ground. The IJ also noted that the State Department reports for Poland lacked any reference to persecution of ethnic Russians or members of the Russian Orthodox Church. The IJ concluded that Sobierajska had failed to demonstrate eligibility for asylum from Tajikistan, Belarus, or Poland, and that she had necessarily failed to satisfy the higher burden required for withholding of removal. With respect to CAT protection, the IJ determined that Sobierajska had failed to demonstrate that she would more likely than not be tortured if removed to Tajikistan, Belarus, or Poland.

Sobierajska filed an appeal, which the BIA dismissed. According to the BIA, the IJ correctly determined that Sobierajska was not eligible for asylum because she had failed to file her application within one year of admission and had failed to establish extraordinary or changed circumstances to excuse the late filing. Turning to the merits of Sobierajska's asylum claim, the BIA agreed with the IJ that the alleged mistreatment did not rise to level of persecution and that some of the alleged harm lacked the required nexus to a protected ground. The BIA also agreed that Sobierajska had failed to demonstrate a well-founded fear of persecution in Tajikistan,

Belarus, or Poland. The BIA therefore affirmed the IJ's determination that Sobierajska had failed to meet her burden of proof for asylum or the more stringent burden for withholding of removal. As for her claim for CAT protection, the BIA agreed with the IJ that Sobierajska had failed to establish a clear probability of torture. The BIA subsequently amended its order to reinstate voluntary departure and reissued its order to allow Sobierajska to file a petition for review.

Sobierajska filed timely petitions for review of the BIA's amended (No. 14-3716) and reissued (No. 14-4018) orders. Sobierajska challenges the denial of her applications for asylum and withholding of removal on the following grounds: (1) the BIA failed to apply its intervening precedent to determine whether she was firmly resettled in Belarus, (2) the IJ and the BIA failed to evaluate the harm that she suffered as a child in Tajikistan from the point of view of what a child would consider persecution, and (3) she suffered severe economic persecution in Poland on account of her Russian ethnicity and Russian Orthodox religion. Sobierajska has expressly abandoned her claim for CAT protection.

Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the agency's factual findings for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Yu v. Ashcroft*, 364 F.3d 700, 702-03 (6th Cir. 2004). "Although questions of law are reviewed *de novo*, we give deference to the BIA's interpretation of the Immigration and Nationality Act and accompanying regulations." *Bi Qing Zheng v. Lynch*, 819 F.3d 287, 293 (6th Cir. 2016).

Sobierajska first argues that the BIA failed to apply its intervening decision in *Matter of A-G-G-*, 25 I. & N. Dec. 486 (B.I.A. 2011), to determine whether she was firmly resettled in Belarus

and that our decision in *Thiam v. Holder*, 677 F.3d 299, 303 (6th Cir. 2012), requires remand for consideration of the firm-resettlement issue in light of *A-G-G-*. An alien is ineligible for asylum if "the alien was firmly resettled in another country prior to arriving in the United States." 8 U.S.C. § 1158(b)(2)(A)(vi). The IJ found that Sobierajska had failed to show any harm in Tajikistan rising to the level of persecution and that, even if she had, she was firmly resettled in Belarus, which would preclude her from obtaining asylum from Tajikistan. In a footnote, the BIA stated that Sobierajska had not raised any error regarding the IJ's firm-resettlement determination. The BIA went on to conclude that Sobierajska had failed to demonstrate past persecution or a well-founded fear of future persecution in Tajikistan. Given that the BIA considered the merits of Sobierajska's asylum claim, there is no need to remand for consideration of the firm-resettlement issue.

Sobierajska next asserts that she was persecuted in Tajikistan as a child and that neither the IJ nor the BIA considered her mistreatment from the point of view of what a child would consider persecution. But, Sobierajska provided no evidence of any harm to her when she was a child in Tajikistan. Sobierajska testified that the situation in Tajikistan became difficult for ethnic Russians beginning in 1986—when she was twenty-three years old. Sobierajska fled Tajikistan at the age of thirty. Because there was no evidence that Sobierajska suffered persecution as a child, there was no reason for the agency to give special consideration to her age.

Finally, Sobierajska contends that she suffered severe economic persecution in Poland on account of her Russian ethnicity and Russian Orthodox religion. "Economic deprivation constitutes persecution only when the resulting conditions are sufficiently severe." *Daneshvar v. Ashcroft*, 355 F.3d 615, 624 n.9 (6th Cir. 2004). To constitute persecution, economic restrictions must be "so severe that they constitute a real threat to life or freedom." *Ouda v. INS*, 324 F.3d 445, 454 (6th Cir. 2003) (quoting *Li Wu Lin v. INS*, 238 F.3d 239, 244 (3d Cir. 2001)). Sobierajska

asserts that she is a technical college graduate who was forced to work as a cashier for her husband because no one else was willing to employ her in Poland. The BIA agreed with the IJ that Sobierajska had not demonstrated severe economic disadvantage given that she worked for her husband's businesses. *See Daneshvar*, 355 F.3d at 624 (finding no economic persecution where the petitioner was able to obtain employment despite limited options). The record does not compel a contrary conclusion.

Sobierajska's opening brief raises only these three arguments. Any other issues—including issues that are dispositive of Sobierajska's claims—are therefore waived. *See Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005). In any event, substantial evidence supports the agency's determination that Sobierajska had failed to demonstrate eligibility for asylum or withholding of removal with respect to Tajikistan, Belarus, or Poland.

For these reasons, we **DENY** Sobierajska's petitions for review.